IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **BRYSON DESHAWN DIXON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16V00079 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DANVILLE CITY JAIL, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Bryson Deshawn Dixon, Pro Se Plaintiff.*

Bryson Deshawn Dixon, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that jail employees interfered with his incoming personal mail from family members on one occasion. I will grant Dixon's application to proceed in forma pauperis under 28 U.S.C. § 1915(b) without prepayment of the filing fee. Upon review of Dixon's complaint, however, I conclude that the action must be summarily dismissed as frivolous.

Dixon alleges that while he was an inmate at the Danville City Jail, defendant Officer Haley returned personal mail addressed to Dixon from his wife and daughter, saying that the envelope constituted "contraband." (Compl. 2, ECF No. 1.) Dixon alleges that he can purchase such envelopes at the jail commissary and other inmates have received letters in such envelopes or bigger ones without

having them returned as contraband. (*Id.*) In his Complaint, Dixon seeks to pursue criminal charges for interference with his personal mail.

The court is required to dismiss a civil case filed in forma pauperis at any time if the court determines the action is "frivolous or malicious [or] fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Under this statute, the court may summarily dismiss as frivolous "a claim based on an indisputably meritless legal theory" or one "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (interpreting the term "frivolous" as similarly used in the former 28 U.S.C. § 1915(d)). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013)

As a preliminary matter, the Danville City Jail is not a "person" and is, therefore, not amendable to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). Accordingly, I will summarily dismiss Dixon's claims against this defendant as frivolous. § 1915(e)(2)(B).

Second, while Officer Haley is a person for purposes of § 1983, Dixon's request to bring criminal charges is not a form of relief authorized under § 1983. Furthermore, a private citizen, like Dixon, has no constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another

person.  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Therefore, I must dismiss Dixon's case to the extent that it seeks an order directing officials to bring criminal charges against anyone.

In any event, I am satisfied that Dixon's allegations do not give rise to any § 1983 claim that Haley deprived Dixon of a constitutionally protected right.  At the most, he alleges that Haley wrongfully returned his incoming mail on one or two occasions.  "[O]ccasional incidents of delay or non-delivery of mail do not rise to a constitutional level."  *Pearson v. Simms*, 345 F.Supp.2d 515, 519 (D. Md. 2003), *aff'd*, 88 F. App'x 639 (4th Cir. 2004).  *See Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983) (finding that isolated instances of mishandling of inmate mail do not constitute valid constitutional claim).

For the reasons stated, I must summarily dismiss Dixon's claims under § 1915(e)(2)(B) as frivolous.

A separate Order will be entered herewith.

DATED:  April 11, 2016

/s/  James P. Jones
United States District Judge